IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:05CR390 |
| Plaintiff, | ) | |
| v. | ) | |
| CAMERON TRAVUS FORD, | ) | |
| Defendant. | ) | |

**BRIEF IN SUPPORT OF DEFENDANT'S
MOTION TO SEVER**

The Defendant has filed a motion to sever Counts I and II for trial. This brief is submitted in support of such motion.

**STATEMENT OF FACTS**

The following recitation of facts is derived from discovery tendered by the government.

Counts I and II both involve alleged events of August 27, 2005. In the early morning hours of that date, an Omaha police officer observed a group of people in the middle of North 44th Avenue near Pratt Street. As the officer approached, he saw two subjects place containers on the ground, and as he got still closer, the officer recognized one of the subjects as the Defendant. According to the officer, he recognized the Defendant as a gang member with a prior weapon and drug possession history.

The officer alleges that the Defendant was reaching toward his waist band, prompting the officer to draw his service weapon and to order the Defendant to show his hands. The officer maintains that the Defendant did not comply and that the Defendant

continued to reach toward his waistband, at which point the officer heard a "thud" sound. After handcuffing the Defendant, the officer maintains that he found a 9 mm pistol on the ground in the same location.

On August 27, 2005, the Defendant was charged in a Douglas County District Court information with felony possession of a controlled substance. Further investigation disclosed that the pistol had been stolen on or about January 23, 2005.

## LAW AND ARGUMENT

Fed. R. Crim. P. 8(a) defines the bounds of proper joinder of counts. Joinder is proper in any of three scenarios: (1) where the counts are of the same or similar character; (2) where the counts are based on the same act or transactions; and (3) where the counts are connected with or constitute parts of a common scheme or plan. Admittedly, threshold joinder is proper here since both counts concern the same set of events and the same firearm.

Apart from whether joinder is proper in the first instance under Rule 8(a), there is also the issue of whether a joint trial would present prejudice under Rule 14(a). In this case, if the possession of a stolen firearm count is tried with the count alleging possession of a firearm while under felony indictment, the prejudice is obvious and unavoidable. In a separate trial of the stolen firearm count, the jury would not hear any evidence that on the date of the events the Defendant was then facing a felony charge in Douglas County District Court for possession of a controlled substance. Once the pendency of an unrelated felony charge is put before the jury, the tendency for that to morph into improper character evidence is manifest. No amount of limiting closing arguments or jury instructions will solve the problem. The only sure remedy is severance.

This sort of "spill over" prejudice has been noted as a basis for severance in many circuit court decisions. For example, in *United States v. Davis* the court stated, "[p]rejudice may result from a possibility that the jury might use evidence of one crime to infer guilt on the other or that the jury might cumulate the evidence to find guilt on all crimes when it would not have found guilt if the crimes were considered separately." *United States v. Davis*, 103 F.3d 660, 676 (8th Cir. 1996); *Drew v. United States*, 331 F.2d 85, 88 (D.C. Cir.1964).

Many circuit court decisions in this area center upon the prejudice inherent in joinder of felon in possession counts. In such a case, without severance, the past felony conviction gets before the jury where it otherwise would not. Severance becomes necessary to avoid the otherwise unavoidable prejudice. *See e.g., United States v. Joshua*, 976 F.2d 844 (3rd Cir. 1992); *United States v. Dockery*, 955 F.2d 50 (D.C. Cir. 1992). The differences between a past felony conviction and a pending felony information will be a meaningless nuance at a practical level. Either one will spell "bad guy" in the minds of the jurors. As such, the two counts should not be jointly tried.

## **CONCLUSION**

While the Defendant concedes that joinder is proper under Rule 8(a), the only remedy for the prejudicial joinder of the two counts is separate trials. The Defendant respectfully requests that the Court so order.

      CAMERON TRAVUS FORD, Defendant,

By s/ Jeffrey L. Thomas
   **Jeffrey L. Thomas: 18411**
   Attorney for Defendant
   ASSISTANT FEDERAL PUBLIC DEFENDER
   222 South 15th Street, #300N
   Omaha, NE 68102
   Telephone: (402) 221-7896
   Fax: (402) 221-7884
   E-Mail: jeff_thomas@fd.org

## CERTIFICATE OF SERVICE

 I hereby certify that on March 15, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Michael D. Wellman, Assistant United States Attorney, Omaha, NE.

        s/ Jeffrey L. Thomas