

## U.S. Department of Justice

*United States Attorney*
*District of Nebraska*

8:05CR390

1620 Dodge Street, Suite 1400
Omaha, Nebraska 68102-1506

PH: (402) 661-3700
FAX: (402) 661-3081

April 17, 2006

Cameron Travus Ford
c/o Jeffrey Thomas
Assistant Federal Public Defender
Federal Public Defender's Office
District of Nebraska
222 South 15th Street
Suite 300N
Omaha Nebraska, 68102-1623

*[Filed stamp: OFFICE OF THE CLERK, 06 APR 25 AM 11:33, U.S. DISTRICT COURT DISTRICT OF NEBRASKA]*

Re: United States v. Cameron Travus Ford

Dear Mr. Ford:

Based upon your representation that you wish to resolve the charge(s) now pending against you, the United States will enter into an agreement with you on the following conditions:

1a. You, the defendant herein, will plead guilty to count II of an Indictment charging a violation of Title 18, United States Code, Section 922 (n), Possession of a Firearm While Under Indictment, to wit, a 9mm Lorcin, serial number 010098. You understand that by entering this plea of guilty, you are exposed to not more than 10 years imprisonment, a fine of not more than $250,000.00, both such imprisonment and fine, not more than 3 years of supervised release, and a $100 special assessment. You are aware that certain prior convictions may enhance the statutory penalties specified above. You are aware that certain prior convictions may impact your sentence under the United States Sentencing Guidelines. You admit that on October 5, 2004, you were bound over to the District Court of Douglas County Nebraska on a charge of Possession of a Controlled Substance, which is a crime punishable by imprisonment for a term exceeding one year, and that said charge was still pending in said court on August 27, 2005. You are also aware that violation of supervised release may add additional time of imprisonment. See Title 18, United States Code, Section 3583(e)(3).

1b. The parties understand that in <u>United States v. Booker</u>, 2005 WL 50108 (January 12, 2005), the Supreme Court decided that the Sentencing Guidelines are advisory rather than mandatory, and that the sentencing judge must consult, but is not required to strictly follow, the Sentencing Guidelines when selecting a sentence to impose. The sentencing judge may decide that the sentence called for under the Sentencing Guidelines is the sentence which he or she will impose, or the judge may impose some other reasonable sentence. The defendant hereby certifies to the court that his or her plea of guilty pursuant to this plea agreement is knowing, intelligent and voluntary and made after consultation with defense counsel.

1c. You and your attorney will complete and sign a court-approved District of Nebraska Petition to Enter Plea of Guilty and return the same to this office, along with a signed copy of this plea agreement, at least 72 hours prior to any court scheduled date for entry of plea. The government will not be bound by any language in the Petition to Enter Plea of Guilty that is not court-approved.

2a. Provided that the United States Probation Office recommends that you receive a two level decrease in your offense level for acceptance of responsibility pursuant to 3E1.1(a), and, the Court awards you such a decrease for acceptance of responsibility, the undersigned Assistant United States Attorney stipulates that he will not contest the timeliness of your notification to authorities of your intention to enter a plea of guilty, and that he will motion the court, pursuant to 3E1.1(b), that you have assisted authorities in the investigation or prosecution of your misconduct by so timely notifying, thereby permitting the government to avoid preparing for trial and permitting the government to allocate its resources efficiently.

2b. Absent a departure or other downward sentencing benefit to the defendant from the guideline range anticipated by the Presentence Report, the United States Attorney agrees to recommend a sentence at the low end of the applicable Guideline range.

2c. The undersigned Assistant United States Attorney for the District of Nebraska agrees that, once you have been sentenced per paragraph numbered one (1) above, Count I of the Indictment pending against you herein at 8:05CR390 will be dismissed.

2d. The parties agree pursuant to FRCP 11(c)(1)(C) that your base offense level shall be determined by U.S.S.G. § 2K2.1(a)(6), and that U.S.S.G. § 2K2.1(b)(4), DOES apply to the facts of this case and shall be used in calculating your sentence.

2e. The parties agree pursuant to FRCP 11(c)(1)(C) that U.S.S.G. §§ 2K2.1(b)(1), 2K2.1(b)(2), 2K2.1(b)(3), 2K2.1(b)(5), 3C1.1, and upward departures based upon § 5K2.0 et seq., DO NOT apply to the facts of this case and shall not be used in calculating your sentence, except that §§ 3C1.1 and 5K2.0 et seq. may be used in calculating your sentence based upon conduct engaged in by you after you sign this agreement and before the time of your sentencing herein.

2f. By signing this agreement, you and your attorney agree that, in return for the plea agreement conditions set forth herein, you will not seek any sentencing departures under USSG §§ 4A1.3 and/or 5K2.0 et seq. (except that you may seek any such departure with respect to Criminal History contained in the PSR that was not reflected in the Criminal History provided to the court and to counsel by Pretrial Services at the time of the defendant's Initial Appearance herein), and that you hereby waive any right to appeal any and all motions, defenses, probable cause determinations, and objections which you or your attorney have asserted or could assert to this prosecution, and the Court's entry of judgment against you and imposition of sentence, including sentence appeals under 18 U.S.C. § 3742. The parties agree that expressly excluded from this waiver of defenses and appeal rights is your right to appeal the sentence should the Court depart upward from the guideline range anticipated by the Presentence Report, unless said upward departure is based upon conduct engaged in by you after your signature is

affixed to this document. You also waive your right to have the Court advise you concerning your right to appeal following sentencing.

2g. The United States agrees that you will not be federally prosecuted in the District of Nebraska for any other offense(s) that would be based upon your behavior of August 27, 2005, that resulted in the instant prosecution.

2h. By signing this agreement, the parties agree that, pursuant to Title 18 U.S.C. § 3665 but without further order of the court, all firearms seized in connection with this case are forfeited to the seizing law enforcement agency and may be used by or disposed of by said agency as it, in its discretion, sees fit.

3. You will enter a plea of guilty to the Indictment set forth in paragraph 1 of this agreement at such time as may be exclusively determined by the Court or the United States Attorney for the District of Nebraska, or his designate, upon reasonable notice to you.

4. You agree that cooperation by you with the United States is not anticipated by this agreement, and you understand that a different document would have to be signed should you decide to cooperate in the future.

5. This agreement is limited to the United States Attorney's office for the District of Nebraska and does not bind any other federal, state or local prosecuting authorities.

6. By signing this agreement, you agree that any or all information available to the U. S. Probation Office through provisions of pretrial services may be used by the probation office in preparing and submitting its pre-sentence report and may be disclosed to the Court for purposes of sentencing. You hereby waive any objection to the use of such information for purposes of sentencing. However, information provided by you, which is not otherwise available to the government, shall not be used against you for sentencing pursuant to §1B1.8 of the Sentencing Guidelines.

7. Pursuant to Title 18, United States Code, Section 3013, the Court is obligated to impose at sentencing a mandatory special assessment of $100.00 for each felony count to which you enter a plea of guilty. At sentencing, the United States will not be bound by any provision of this plea agreement, unless prior to sentencing, 1) the defendant has a signed receipt from the Office of the Clerk of the United States District Court for the District of Nebraska, reflecting that the amount of $100.00 has been paid by or on behalf of the defendant in relation to this case to said Clerk's Office, or 2) the defendant has presented to the United States a completed copy of the form financial statement that can be provided to the defendant by the United States upon the defendant's request. Any sum so receipted for by the Clerk's Office will be applied toward the special assessment imposed by the Court at the time of sentencing. Should the Court order that this plea agreement be set aside, the amount of $100.00 will be returned by the Clerk's office to the person who posted the amount.

Upon receipt of a signed and completed form financial statement, the United States may accept the same at face value and request the Court to remit all or any portion of the special assessment that would otherwise be imposed at the time of sentencing, or, the United States Attorney's Financial Litigation

Unit may investigate the veracity of the statements contained therein and/or assess the financial situation independently of the defendant's assessment. If payment of the Special Assessment at sentencing is not waived by the United States and payment of same has not been remitted by the Court, the defendant agrees that, if incarcerated, he/she will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment. Failure of the defendant to participate in the Inmate Financial Responsibility Program will relieve the United States of any obligation imposed by this plea agreement.

8. By signing this agreement, you acknowledge that, in the event you violate any term or condition of this agreement, you shall not, because of such violation of this agreement, be allowed by either the Court or the United States Attorney for the District of Nebraska, or his designate, to withdraw your plea of guilty.

9. Should the Court for any reason not accept this plea agreement, or should you violate any condition of this plea agreement, the United States shall have the unilateral option of declaring this plea agreement null and void.

10. Since your acceptance of this agreement terminates all plea discussions with the United States Attorney for the District of Nebraska, or his designate, any statements made by you after the date of your acceptance of this agreement are not governed by Rule 11(e)(6) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence.

11. In addition to criminal prosecution purposes, the United States can use against you any disclosure(s) you have made pursuant to this agreement in any civil proceeding or for any sentencing purpose.

12. Nothing contained in this agreement shall in any manner limit your civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing against you any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

13. The plea agreement proposed herein may be withdrawn by the United States Attorney for the District of Nebraska, or his designate, at any time prior to acceptance by you. Acceptance is deemed to occur when this document has been signed by you and your attorney and has been stamped as received in the offices of the United States Attorney for the District of Nebraska. In addition, if the United States Attorney for the District of Nebraska, or his designate, has not received this agreement back from you, properly executed, at the offices of the United States Attorney for the District of Nebraska, within three weeks of the date appearing at the top of page one of this document, this proposed plea agreement is automatically withdrawn.

14. No promises, agreements, or conditions have been entered into other than those set forth in this document, and none will be entered into unless in writing and signed by all parties.

Date  4-19-06

_Cameron Ford_
Cameron Travus Ford

Date  4-19-06

_Jeffrey Thomas_
Jeffrey Thomas, Attorney for Mr. Ford

Date  4/25/06

_MW_
Michael Wellman, AUSA